UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES W. CHRISTMAS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE HOME LOANS SERVICING, LP; COUNTRYWIDE HOME LOANS, INC.; CTC REAL ESTATE SERVICE; WASHINGTON MUTUAL BANK; BANK OF AMERICA, INC; JP MORGAN CHASE BANK; TORREY SCOTT; KATHLEEN COUTURE,<br><br>Defendants. | Case No.: 2:09-cv-01389-RLH-GWF<br><br>**O R D E R** |

On February, 12, 2010, the Court entered a Notice of Intent to Dismiss Pursuant to FRCP 4(m) (#61)[1] due to Plaintiff Charles W. Christmas, Jr.'s failure to provide the Court with proof of service for Defendants Bank of America, Inc, Torrey Scott, and Kathleen Couture.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

---

[1] Since the Court filed this Notice, Bank of America, Inc. has now filed a Motion to Dismiss it from this case. (Dkt. #77, May 24, 2010.) Therefore, this order will only address the lack of service for Scott and Couture.

1

that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Christmas' filed his original complaint in the Eighth Judicial District Court for the State of Nevada on March 20, 2009. (Dkt. #1, Pet. for Removal Ex. A., Compl.) Christmas failed to serve Scott and Couture within 120 days of filing, on or about July 20. Christmas then filed his Amended Complaint in this Court (#28) on October 1. Once again, Christmas failed to serve Scott and Couture within 120 days, on or about February 1, 2010. The Court advised Christmas on February 12 of its intent to dismiss his claims against Scott and Couture for his failure to provide proof of service. The Court allowed Christmas until March 14 to file such proof. Christmas informed the Court that he has been unable to effectuate service on Scott and Couture because he cannot identify their whereabouts. (Dkt. #64, Resp. 1, Mar. 8, 2010.)

The Court find that Christmas' inability to locate Scott and Couture, together with the fact that Christmas has had over 15 months to do so, does not show good cause for his failure to effect service. Furthermore, Christmas has not indicated a belief that he could locate Scott or Couture if the Court was to allow him additional time. For these reasons, the Court must dismiss Scott and Couture from this case.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Torrey Scott and Kathleen Couture are dismissed from this case.

Dated: June 4, 2010.

_____
**ROGER L. HUNT
Chief United States District Judge**