**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| CHARLES W. CHRISTMAS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MERS (Mortgage Electronic Registration Systems, ) <br> Inc. aka MERS); *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.  2:09-cv-01389-RLH-GWF <br><br> **ORDER** <br><br> Motion to Compel (Dkt. #83) |

This matter is before the Court on Plaintiff's Motion to Compel Defendant to Produce Documents and Answer Plaintiff's Interrogatories (#83), filed June 1, 2010, and Defendant JP Morgan Chase Bank, N.A.'s Opposition to Plaintiff's Motion to Compel Defendant to Produce Documents and Answer Plaintiff's Interrogatories (#82), filed June 14, 2010.  The Court finds that Plaintiff's discovery requests and motion to compel are untimely and that Plaintiff has failed to satisfy the meet and confer requirements of Fed.R.Civ.Pro. 37(a)(2)(B) and LR 26-7.  The Court will deny Plaintiff's motion as a result.

**DISCUSSION**

Plaintiff Charles W. Christmas moves for the Court to compel Defendants to respond to his Requests for Production and Interrogatories, which were served prior to the discovery deadline of April 12, 2010, according to Plaintiff.  (#83).  Plaintiff does not specify when the discovery requests were served and does not attach a copy of the discovery requests for the Court to consider.  (*See id.*)  Defendant JP Morgan Chase Bank, N.A. ("Chase Bank") responds that the discovery requests at issue were untimely served on or after the discovery cut off date.  (#82 at 4-5).  In spite of the alleged untimely nature of the discovery requests, Defendant states that it did respond to the interrogatories and

raised the relevant objections. (*Id.* at 8).

### 1. Failure to Meet and Confer and Failure to Provide Copies of Discovery Requests

Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, LR 26-7(b) states that discovery motions will not be considered unless a statement of the moving party is attached "certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court action." This Court has previously determined that the "confer" element of Fed.R.Civ.Pro. 37(a)(2)(B) and LR 26-7 requires the moving party to "personally engage in *two-way communication* with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D.Nev., 1996)(*emphasis added*). In the motion to compel, the moving party "must include more than a cursory recitation that the parties have been 'unable to resolve the matter.'" *Id.* In addition, the moving party must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Shuffle Master, Inc.*, 170 F.R.D. at 171.

The motion to compel fails to demonstrate that Plaintiff conferred or attempted to confer in good faith with Defendant as required by Fed.R.Civ.P. 37(a)(2)(B) and LR 26-7(b). In its prior order, denying Plaintiff's motion for sanctions as premature, the Court specifically instructed Plaintiff that he must meet and confer with Defendants before he could file a motion to compel. (#72 at 2). However, there is no indication in Plaintiff's motion that any attempt was made to confer with Defendants as required by the local rules and instructed by the Court.

In addition, Plaintiff's motion to compel fails to include the full text of the discovery originally sought and any responses by Defendants. Under LR 26-7(a), a party filing a motion to compel must include a full copy of the interrogatories and other discovery requests that were served on the opposing party, as well as any responses by the opposing party to the discovery requests so that the Court may consider the substance of the discovery requests and the discovery dispute. Plaintiff's motion does not contain any information about the discovery requests submitted to defense counsel. As a result, the

Court finds the motion does not meet the requirements of Fed.R.Civ.P. 37(a)(2)(B) and LR 26-7 and the Court will deny Plaintiff's motion to compel.

### 2. Timeliness of Discovery Request

A party served with interrogatories or requests for production must serve its answers and any objections within 30 days after being served with the discovery requests. Fed.R.Civ.P. 33(b), 34(b). The rules' grant of 30 days for the responding party to answer discovery requests mandates that "in order to meet the discovery deadline," the requesting party must file his discovery requests "at least 30 days before the discovery cutoff". *Smith v. Principal Cas. Ins. Co.,* 131 F.R.D. 104, 105 (S.D.Miss., 1990) (holding interrogatories served six (6) days prior to the discovery cut off were untimely); *see also Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (stating that discovery requests served on the date of discovery cut off would be untimely). By serving discovery requests on the date that discovery ended, April 12, 2010, Plaintiff failed to leave Defendant sufficient time to respond. As a result, Plaintiff's discovery requests are untimely.

### 3. Timeliness of Motion to Compel

In addition, the motion to compel would also be denied as untimely. All discovery motions and dispositive motions in this action were to be filed on or before May 12, 2010. (#53). Plaintiff's Motion to Compel (#83) was filed after the deadline for discovery motions and dispositive motions. *See Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D.Nev. 1999) (holding a motion to compel *must* be filed before the scheduled dispositive motions deadline in order to be considered by the Court). As a result, Plaintiff's Motion to Compel is untimely. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Defendant to Produce Documents and Answer Plaintiff's Interrogatories (#83) is **denied**.

DATED this 2nd day of July, 2010.

_George Foley Jr._
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**