UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES W. CHRISTMAS, JR.,        )<br>                                                     )<br>           Plaintiff,                         )<br>                                                     )<br>     vs.                                          )<br>                                                     )<br>MORTGAGE ELECTRONIC        )<br>REGISTRATION SYSTEMS, INC.;  )<br>COUNTRYWIDE HOME LOANS    )<br>SERVICING, LP; COUNTRYWIDE HOME )<br>LOANS, INC.; CTC REAL ESTATE    )<br>SERVICE; WASHINGTON MUTUAL BANK; )<br>BANK OF AMERICA, INC; JP MORGAN )<br>CHASE BANK; TORREY SCOTT;      )<br>KATHLEEN COUTURE,                )<br>                                                     )<br>           Defendants.                    )<br>_____) | Case No.: 2:09-cv-01389-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#77) |

Before the Court is Defendant Bank of America, N.A.'s **Motion to Dismiss** (#77), filed May 24, 2010. Plaintiff Charles W. Christmas, Jr. did not file a response.

### BACKGROUND

This dispute arises from Plaintiff's allegations that Defendants engaged in unfair and fraudulent activities related to the mortgage loans on his home located at 1101 Fairbury Street in Henderson, Nevada. On March 20, 2009, Plaintiff filed this action against Defendants in the

1

Eighth Judicial District Court of the State of Nevada. (Dkt. #1, Pet. for Removal.) On July 30, the case was removed to this Court. On December 4, the Court granted a motion to dismiss brought by Defendants Countrywide Home Loans, Inc., CTS Real Estate Service, Countrywide Home Loans Servicing and Mortgage Electronic Registration Services pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On February, 12, 2010, the Court entered a Notice of Intent to Dismiss Pursuant to FRCP 4(m) (#61) due to Plaintiff's failure to provide the Court with proof of service for Defendants Kathleen Couture, Torrey Scott, and Bank of America.[1] The Court gave Plaintiff until March 14 to file such proof. Plaintiff informed the Court that he effectuated service on Bank of America through service on its subsidiaries, Countrywide Home Loans and Countrywide Home Loan Servicing. (Dkt. #64, Response, Mar. 8, 2010.) He also told the Court that "service was actualized by the appearance of their counsel, namely Craig [sic] Jorgenson of the law firm of Lewis and Roca." (*Id.*)

On April 19, Bank of America filed a Motion to Quash (#71) Plaintiff's purported service of process. The Court granted Bank of America's motion. (Dkt. #76, Order, May 20, 2010.) Now before the Court is Bank of America's motion to dismiss for insufficient service of process. For the reasons discussed below, the Court grants its motion.

**DISCUSSION**

**I.     Motion to Dismiss**

The Court first notes that Plaintiff failed to respond to Bank of America's motion. Pursuant to the Court's Local Rules, any opposition to Bank of America's Motion was to be filed and served within 14 days, or by June 10, 2010. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow

---

[1] The Court subsequently dismissed Defendants Kathleen Couture and Torrey Scott from this case on June 4, 2010. (Dkt. #80, Order.)

the district court's local rules is a proper ground for dismissal).  Nevertheless, the Court will address Bank of America's motion on its merits.

### A.   Legal Standard

Under Federal Rules of Civil Procedure 12(b)(4) and (b)(5), a defendant can move to dismiss a case based on insufficient process and insufficient service of process.  "Service of process" is a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action.  *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)).

The Rules governing manner of service require strict compliance.  Pursuant to Rule 4(m), "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

### B.   Analysis

Plaintiff filed his original complaint on March 20, 2009.  Plaintiff failed to serve Bank of America within 120 days, on or about July 20.  Plaintiff then filed his Amended Complaint on October 1.  Once again, Plaintiff failed to serve Bank of America within 120 days, on or about February 1, 2010.  The Court advised Plaintiff on February 12 of its intent to dismiss his claims against Bank of America for his failure to provide proof of service.  Rather than perfect his service of Bank of America, Plaintiff relied on the service of subsidiaries —Countrywide Home Loans and Countrywide Home Loan Servicing—and his incorrect conclusion that Craig Jorgenson's appearance on behalf of the Countrywide Defendants "actualized service."  Plaintiff received further notice that service on Bank of America was insufficient when the Court quashed his purported service of process.  (Dkt. #76, Order, May 20, 2010.)  However, Plaintiff still made no attempt to comply with the Federal Rules of Civil Procedure.

The Court finds that Plaintiff has not shown good cause for his failure to effect service. He has repeatedly shown an inability to follow the Federal Rules of Civil Procedure concerning service of process, despite having over 15 months to do so and notice from the Court of the deficiency. Furthermore, Plaintiff has not opposed Bank of America's motion. For these reasons, the Court must dismiss Bank of America from this case.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Bank of America is dismissed from the case.

Dated: July 6, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**